## Lloyd Skannel *v.* S. W. Taylor.

A general printed notice in the newspapers of the dissolution of a copartnership, is not sufficient to bind one who has had dealings therewith; such person is entitled to special notice. Even if special notice is given, accompanied with the notification that certain persons will carry on the business, and settle that of the late commercial firm, these persons will be considered as agents of this firm for the settlement of its indebtedness.

Where a creditor of the former partnership drew on these persons (who continued the social style of the late firm) for account of a balance due him by the former partnership, and his drafts are protested for non-payment, and paid by the drawer *super protest*, a member of the former partnership who is sued for such balance, cannot maintain that there was a novation of the debt; the drafts are to be held as having been drawn on his agents by his authority.

The possession of protested drafts by the drawer is *prima facie* evidence of their payment by him.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Clark & Bayne*, for plaintiff. *J. B. & C. T. Bemiss*, for defendant and appellant.

Buchanan, J. Defendant was partner of a commercial firm with which plaintiff did business. During such partnership, defendant's house fell in debt to plaintiff. On the first of July, 1851, a notice of the dissolution of the partnership was published in the newspapers. In the same notice, it was stated that the business of the firm would be continued by the two persons named, "*who alone will settle that of the late partnership.*"

The two persons named in the notice (neither of them being the defendant) used, it seems, the same social style as the previous house, which had incurred the indebtedness to plaintiff. Plaintiff, several months after the notice of dissolution, drew several drafts upon the house, which were accepted and charged to him in account current, but which were protested at maturity for non-payment, and paid by the plaintiff *super protest*.

Defendant being sued for the balance due plaintiff by his former house, pleads that the debt has been novated, by the acceptance on the part of the plaintiff of a new debtor, to whom he had delegated the payment of this debt by the notice of 1st July, 1851. There is nothing in the transaction amounting either to a delegation on the one side, or the acceptance of a delegation on the other.

A general printed notice in the newspaper of a dissolution of a copartnership, is not sufficient to bind one who has had dealings with the copartnership. Such a person is entitled to special notice. 3 Kent, 67; Story's Partnership, § 160; 7 Annual, 638; 22 Wendall, 194. And notice cannot be inferred in this case, from the fact of plaintiff's drawing bills upon the new house, for the firm or social name was unchanged; and he might have supposed the partners were unchanged. But supposing direct and special notice brought home to plaintiff of the announcement given to the public through the newspapers, still the defendant's case would be in no better a position. For that same announcement informed the public that certain persons (who afterwards chose to use the late social name,) would continue the business, and settle that of the late partnership. For the purposes of settlement of this debt and all similar ones, therefore, the persons named in the

SKANNEL
*v.*
TAYLOR.

advertisement were constituted the agents of defendant, who withdrew from the firm ; and the drafts drawn by plaintiff afterwards, were drawn upon defendant's agents by his authority.

The possession of the protested drafts by plaintiff, is *prima facie* evidence that he has paid them to the payees or endorsees of the same.

Judgment affirmed, with costs.