| 18  | 631  |
|-----|------|
| 47  | 1392 |
| 18  | 631  |
| 109 | 1045 |

## GRIEFF & BYRNES v. BOUDOUSQUIE & FORTIER.

Persons are often held partners, as to third persons, when, either expressly or by just implication, they are not to be deemed partners between themselves.

If one lends his name as a partner, or suffers his name to be used in the business, he is responsible to third persons as a partner, for he may induce third persons to give that credit to the firm or establishment which otherwise it would not receive, nor, perhaps, deserve. This doctrine is founded in the enlarged principles of natural law and justice.

APPEAL from the Sixth District Court of New Orleans, *Duplantier*, J. *Horner & Benedict*, for appellants. *Buchanan & Gilmore* and *Bermudez*, for appellees.

HOWELL, J. Plaintiffs, having sold a bill of goods to the defendant Boudousquie, engaged in the grocery business in this city, brought suit against him and Arthur Fortier, as his silent partner. Judgment was rendered in the lower Court against the former, and in favor of the latter, from which plaintiffs appealed, as to Fortier.

No *contract* of partnership between defendants is proven, but plaintiffs rely on circumstances, as shown by the evidence, to make Fortier liable in solido with his co-defendant, to wit : That he furnished the means for carrying on the business ; that the goods were bought in the name of Boudousquie, and, when sold, the bills were generally made out in Fortier's name; the license was taken out and the business conducted in his (Fortier's) name ; that he notified certain customers "not to pay any balance due the *house of Arthur Fortier* to any one but himself or his order;" and that he collected from one, and retained about $800, for which he gave a receipt in his own name.

Fortier, examined as a general witness, says that he was not a partner ; that he simply intended to aid his nephew, who, not having taken an oath, could not obtain a license in his own name ; that the bills of goods sold

were made out in his (Fortier's) name, because of this fact, and that he endeavored to secure the sums due by customers in order to get what he had advanced, having become dissatisfied with Boudousquie's management. He states, also, that Boudousquie, at one time, sent the witness Bezou to him to effect "a settlement as a partner in the concern." This witness (Bezou) says :

"It was admitted in public report that Mr. Fortier was the partner of Mr. Boudousquie. * * * Mr. Fortier furnished the means to carry on the business."

Whatever may have been the intention of the parties, inter se, we think the facts make them liable as partners to third persons. The books inform us that "persons are often held partners, as to third persons, when either expressly or by just implication, they are not to be deemed partners between themselves." If one lends his name as a partner, or suffers his name to be used in the business, he is responsible to third persons as a partner, for he may induce third persons to give that credit to the firm or establishment which otherwise it would not receive, nor, perhaps, deserve. This doctrine is founded in the enlarged principles of natural law and justice. Story on Partnership, §§ 36, 37, 48, 49, 53, 54, 64 and 65. 3 Kent, § 43, pp. 31, 33. 4 N. S. 127. 9 Johns. 489.

Fortier is disclosed by the evidence as the principal party in the business, and it would be against public policy and natural justice to exempt him from the liabilities which attend his voluntary position.

It is therefore ordered, that the judgment appealed from be avoided and reversed, and it is now ordered that plaintiffs recover of the defendant, Arthur Fortier, the sum of $810 86, with five per cent. interest from 11th October, 1865, and costs in both Courts.