No. 2614

Second Circuit

CHADICK-HAYES PROVISION CO. v. PINE GROVE GROCERY CO. ET AL.
and
W. J. HUNTER & CO., INC., v. PINE GROVE GROCERY CO. ET AL.

(April 5, 1929. Opinion and Decree.)

Dimick and Hamilton, of Shreveport, attorneys for plaintiffs, appellees.

John B. Files, of Shreveport, attorney for defendants, appellants.

ODOM, J. The plaintiffs sued the defendant, Pine Grove Grocery Company, on accounts for goods and merchandise sold and delivered to it, and alleged that said Pine Grove Grocery Company was a commercial partnership composed of M. E. Johns and C. E. Bezanson, and asked judgment against said Grocery Company and the members of the partnership in solido. The two suits were consolidated for the purpose of the trial, the testimony in the two cases with reference to the material point presented here being the same. There was judgment in the lower court in favor of each plaintiff, as prayed for, and the defendant, Johns, has appealed.

## OPINION

There is no controversy in this court as to the correctness of the accounts sued on, as each of the plaintiffs proved his account, and the defendants, Johns and Bezanson, made no denial of the amounts claimed. But the defendant, Johns, contended in the lower court that he was not a member of the commercial partnership made defendant and that he was in no sense liable for the debts of that concern. Therefore, the only question presented is whether Johns should be held liable for the debts of the company.

The testimony satisfies us, as it did the Judge of the lower court, that Johns should be held liable. As a witness in his own behalf, he testified that he was not a member of the commercial partnership known as the Pine Grove Grocery Company, and similar testimony was given by Bezanson. It may be that at the time of the trial of the case in the lower court in 1925, the said Johns had withdrawn all connection from the grocery company, but the testimony satisfies us that at the time the goods were purchased, he was connected with that concern as a partner. Bezanson is a man without means and, in 1923, induced Johns to advance about $2200 with which to purchase a stock of groceries from a man by the name of Fox. Johns says that he purchased the stock and put Bezanson in charge of the business with the understanding that Bezanson should run the store and pay him the amount advanced, with eight per cent interest. But the testimony convinces us that Johns was more than a mere creditor of Bezanson. Some of the witnesses testified that Johns told them that he was a partner in the business. When the grocery company began business, a representative of Bradstreet called at the store and asked for a report. Johns made a financial statement for the company and signed it. This report seems to have been sent to the

Bradstreet office and was published, showing that Johns was a member of the commercial firm. Mr. L. L. Bryan, a representative of Bradstreet in the city of Shreveport, testified that in conversation with Johns with reference to the financial condition of the grocery company, Johns told him that he was a member of the partnership and, in fact, at one time stated to him that he owned the concern.

Mr. W. J. Hunter, president and general manager of one of the plaintiff companies, testified that at one time the grocery company owed his firm a considerable sum of money and that he sent for Johns and Bezanson in order to discuss the matter. Mr. Hunter says that he talked with Johns and Bezanson, together, and told them that he could not carry the indebtedness any longer on open account and insisted that the account be closed by note. The note was at that time drawn up and was signed by the Pine Grove Grocery Company, and endorsed by Johns and Bezanson, individually. Mr. Hunter stated that in the conversation referred to, he assumed that the two men were commercial partners and that Johns did not disavow his connection with the concern, but admitted his liability for the indebtedness. A representative of one of these plaintiffs testified that a note was made out and signed, "Pine Grove Grocery Company by M. E. Johns," and was endorsed by both Johns and Bezanson. The testimony shows that on one occasion Johns went to the place of business and, finding that Bezanson was worried over financial affairs, suggested to him that he leave the store for two weeks for a rest. Johns personally took charge and he says that during the two weeks that he conducted the business he made some money.

The testimony reveals to our entire satisfaction that Johns held himself out to the community and to the commercial world as a partner in this concern, and furthermore, that the Pine Grove Grocery Company was extended credit solely on account of Johns' connection with it. Representatives of these plaintiffs testified that before extending credit to the Pine Grove Grocery Company, they looked up its rating, found that Johns was a commercial partner, and, knowing that he was financially responsible, they extended the credit desired. As already stated, Johns made this financial report and signed it.

Therefore, whether he is or was in fact a commercial partner makes no difference so far as his liability is concerned, because the law is that where persons hold themselves out as partners and allow themselves to be held out to the public at large as such, and to particular individuals who deal with them in the belief that they are partners, they cannot escape liability.

Houston River Canal Co., Ltd., vs. Kopke, Robicheaux & Nichols, 106 La. 609. 31 So. 156; Johnson vs. Levy & Bro., 109 La. 1036, 34 So. 68; Dodd, Brown & Co. vs. Bishop et al., 30 La. Ann. 1178; Grieff vs. Boudousquie, 18 La. Ann. 631, 89 Am. Dec. 698; Baldey vs. Breckenridge, 39 La. Ann. 663, 2 So. 410.

The judgments appealed from are correct, and are therefore affirmed, with costs in both courts.

REYNOLDS, J., recused.