No. 3073

Second Circuit

TRIANGLE MACHINE CO., INC., v. DUTTON & ADAMS ET AL.

(March 24, 1930. Opinion and Decree.)

Roberts & Naff, of Shreveport, attorneys for plaintiff, appellee.

Murff & Perkins, of Shreveport, attorneys for defendants, appellants.

DREW, J. This suit is brought to recover $133.30 for labor and material furnished by plaintiff, Triangle Machine Company, Inc., which owns and operates a machine shop in the city of Shreveport, La. The suit is brought against Dutton & Adams, alleged to be a commercial partnership, and its individual members, George M. Adams and George E. Dutton. No service was made on Adams. Answer was filed only by George E. Dutton, who denied the existence of the partnership, and, for lack of information, denied the correctness of the account.

The lower court rendered judgment in favor of the plaintiff and against the defendant George E. Dutton for the amount of $64, holding that the said Dutton was liable under the doctrine of ostensible partnership, and that notice had not been given by him to plaintiff until after that amount of indebtedness had been incurred.

Defendant George E. Dutton appealed from this judgment, and plaintiff has answered the appeal, praying that the judgment be increased to the amount originally prayed for.

Some time in the year 1925, the defendants Dutton and Adams entered into an agreement whereby Dutton was to finance the construction of a bridge in Bossier parish, La., for which Adams had entered into a contract with the police jury of Bossier parish. Adams was to give his entire time to the undertaking, and, in lieu of wages, was to receive one-half of the profits arising out of the contract.

In furtherance of the work done under the contract, it became necessary to procure certain work to be done by some machine shop, and this work was intrusted by Adams to the plaintiff, which was instructed to render a bill therefor to Dutton & Adams at the office of the defendant Dutton. Plaintiff did the work as ordered over a period of several months, and sent invoices therefor to Dutton & Adams, and opened an account in that name. All invoices and bills were headed "Dutton & Adams," and were mailed or delivered in person to defendant Dutton's office, and he paid the bills with his personal check.

The last work performed by plaintiff for defendant on the Bossier bridge job was in May, 1926, and all bills for work done on that job were paid by Dutton.

In September, 1926, about four months later, the same Adams came back to plaintiff's place of business and had other work done of the same nature and kind, and had the work charged to Dutton & Adams, as had been done in the past, and the invoices therefor were mailed to Dutton & Adams, as had been done in the past, addressed to Mr. Dutton's office in the city of Shreveport. The bills were not paid, and this suit was filed.

The question of an actual partnership is eliminated from the case, as the evidence clearly shows that there was no partnership between Adams and Dutton at the time the work, the price of which is sued for here, was performed, if there had ever been a partnership. The question for us to decide is: Did Dutton, with knowledge, allow Adams to hold him out as a partner to such an extent as· to bind him for the debts made by Adams to plaintiff? We think he did. He received the bills and invoices for work done in the name of Dutton & Adams and paid

them with his personal check, and during that time he did not notify plaintiff that he was not a partner of Adams.

"One who acts in such a manner as to induce others to believe that he is a member of a certain partnership, makes himself liable to them as a partner." Dodd, Brown & Co. vs. John Bishop Co., 30 La. Ann. 1178; Borden-Aicklen Auto Supply Co. vs. Folse Service Station, 6 La. App. 1; Grieff & Byrnes vs. Boudousquie & Fortier, 18 La. Ann. 631, 89 Am. Dec. 698.

"A person knowing that he is held out as a partner should do all that a reasonable man would do under similar circumstances to assert and show that he is not a partner, thereby preventing innocent persons from being misled." 20 R.C.L. p. 1070.

"If one knows that his name is used as a partner, though without his consent, his acquiescence may be inferred, if he does not publicly disclaim the connection." 20 R.C.L. p. 1071.

"Persons who are not actually partners, may, nevertheless, become subject to the liabilities of the partners, either by holding themselves out as such to the public and the world generally, or to particular individuals; or by knowingly or negligently permitting another person to do so." 20 R.C.L. p. 1067.

This rule of law is predicated on the doctrine of estoppel, and is founded in the enlarged principles of natural law and justice. 20 R.C.L. p. 1068; Grieff & Byrnes vs. Boudousquie, supra.

The defendant Dutton does not contend that he notified plaintiff that he was no longer responsible for the debts being contracted in his name by Adams until after he had received invoice or bill for the work that had been performed.

J. W. Ford, president of plaintiff company, testified that he received from Mr. Dutton notice in the form of writing on a bill that had been sent to Dutton, wherein Dutton stated that he was not a partner of Adams and not responsible for the bill, and that this was some time after all work had been completed. Mr. Dutton claims that he notified plaintiff by writing on an invoice and returning it to plaintiff, and by calling up a lady employee of plaintiff and telling her. Mr. Dutton's testimony is not clear as to when he notified plaintiff that he was not responsible for the bill, while plaintiff's testimony is positive. Any notice given the clerk or other employee of plaintiff would not be binding on plaintiff, unless it was shown to have been communicated to an officer of plaintiff.

The burden of proving notice was on the defendant, Dutton. 30 Cyc. 674; Grinnan vs. Baton Rouge Mills, 7 La. Ann. 638.

The plaintiff was entitled to special notice by Dutton before it performed the work for Adams, in order for Dutton to be relieved from liability. Skannel vs. Taylor, 12 La. Ann. 773; Shorten vs. Davis Bros., 21 La. Ann. 173.

We think the defendant Dutton has failed to prove that he gave notice to plaintiff with that certainty or preponderance of evidence that is required of those upon whom the burden of proof rests, and that he is liable as a partner for the debt contracted by Adams in the name of Dutton & Adams.

There is no proof that the partnership of Dutton & Adams was held out as a commercial partnership but only as an ordinary partnership, and he is liable for only one-half the debt.

Solidarity is never presumed, and must be proved. In the case of Bank vs. Mayer, 42 La. Ann. 1031, 8 So. 260, 261, the court said:

"The signature is that of a firm; but it may be that such firm is one, the part-

ners of which are ordinary partners, not bound severally but jointly."

It is therefore ordered, adjudged and decreed that the judgment of the lower court in favor of the Triangle Machine Company, Inc., and against George E. Dutton be amended by increasing the amount of the judgment from $64 to $66.65, being one-half the amount of the debt sued for, and, as so amended, that the judgment of the lower court be affirmed; cost of appeal to be paid by defendant, appellant.